**IT IS ORDERED as set forth below:**

**Date: March 26, 2025**

_____

Sage M. Sigler
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| In Re: | CASE NUMBER: |
| **KELLY ANNE URSULA BAIER**, | **24-58442-SMS** |
| Debtor. | CHAPTER 7 |
| **KATHERINE WHITE, INDIVIDUALLY AND AS TRUSTEE OF THE TOSHIKO N. BAIER RESTATED TRUST AGREEMENT**, | ADVERSARY PROCEEDING NO. **24-05196-SMS** |
| Plaintiff, | |
| v. | |
| **KELLY ANN URSULA BAIER,** | |
| Defendant. | |

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Before the Court is the *Motion for Judgment on the Pleadings and Memorandum of Law in Support* (the "Motion," Doc. 4) filed by Katherine White, individually and as Trustee of the Toshiko N. Baier Restated Trust Agreement ("Plaintiff") on December 20, 2024. In the Motion,

Plaintiff requests a judgment excepting fees awarded by an Oregon court from discharge under 11 U.S.C. § 523(a)(6). For the reasons set forth below, the Motion is DENIED.

## I.  JURISDICTION AND VENUE

This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523. Venue is proper under 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case pending in this Court. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as this adversary proceeding seeks determination of the dischargeablility of a particular debt under 11 U.S.C. § 523.

## II.  PROCEEDURAL HISTORY

Kelley Ann Ursula Baier ("Debtor," or "Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 13, 2024. (Bankr. Case No. 24-58442-SMS, Doc. 1). On November 11, 2024, Plaintiff initiated the above-captioned adversary proceeding by filing the *Complaint for Determination of Dischargeablility* (the "Complaint," Doc. 1). Debtor filed an answer, denying all allegations in the complaint and stating that Plaintiff failed to state a claim upon which relief could be granted (the "Answer," Doc. 3). After Plaintiff filed the Motion on December 20, 2024, Debtor filed a response in opposition on January 10, 2025 (the "Response," Doc. 9), and Plaintiff filed her reply in support of the Motion on January 24, 2025 (the "Reply," Doc. 10).

## III.  JUDGMENT ON THE PLEADINGS STANDARD

Motions for judgment on the pleadings are governed by Fed. R. Civ. P. 12(c) and made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Samara v. Taylor*, 38 F.4th 141, 152 (11th Cir. 2022) (quoting *Carbone v. Cable News Network,*

*Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018)). Specifically, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Capitol Specialty Ins. Corp. v. W. View Apts., Inc.*, No. 21-11675, 2021 U.S. App. LEXIS 37998, *2 (11th Cir. Dec. 22, 2021) (quoting *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014)).

When a plaintiff seeks judgment on the pleadings, the court takes the allegations of the defendant's answer as true, "but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *Id.*, at *3 (citing *Bass v. Hoagland*, 172 F.2d 205, 207 (5th Cir. 1949)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*, at *4.

## IV.  FACTS

On October 25, 2021, Debtor filed a complaint in the Circuit Court of the State of Oregon for the County of Benton (the "Oregon Court"), initiating the case styled *In re Toshiko N. Baier Living Trust*, Case No. 21PB09157, in the Oregon Court (the "Lawsuit"). Complaint, ¶ 6. In the Lawsuit, Debtor alleged that Plaintiff had unduly influenced Debtor's mother to create amendments to a trust agreement, which Debtor alleged improperly subverted longstanding estate plans. *Id.*, at ¶ 7. On April 11, 2024, after a three-day trial, the Oregon Court ruled in favor of Plaintiff on all claims. *Id.*, at ¶ 14. A general judgment was signed on April 22, 2024. *Id.*, at ¶ 15.

On June 20, 2024, Plaintiff filed a Request for Attorney Fees, Costs, and Disbursements (the "Fees Request") pursuant to UTCR 5.080, ORS 20.075, ORCP 68, and ORS 130.815. Response, ¶ 5. Applying multiple factors under Oregon law (the "Oregon Factors"), the Oregon Court awarded Plaintiff $147,815.00 in attorneys' fees, $3,741.90 in costs and disbursements, and a $640.00 prevailing party fee (collectively, with all interest accrued and accruing thereon, the

"Fee Award"). Response, ¶ 8.

The first Oregon Factor looks to whether "[t]he conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal." ORS 20.075(1)(a). The second Oregon Factor considers "[t]he objective reasonableness of the claims and defenses asserted by the parties." ORS 20.075(1)(b). On both points, the Oregon Court simply concluded that Debtor "lacked sufficient credible evidence to support her claim that [Plaintiff] acted in a manner which warranted the filing of the complaint." Complaint, Ex. B, ¶ 1–2.

Plaintiff asserts that Debtor's decision to bring the Oregon Lawsuit against Plaintiff caused a willful and malicious injury to Plaintiff. Complaint, ¶¶ 48-9. Further, Plaintiff asks this Court to rely on the findings made by the Oregon Court in its Fee Award to determine that the debt is nondischargeable under 11 U.S.C. § 523(a)(6). Plaintiff contends that the doctrine of collateral estoppel bars Debtor from relitigating issues determined by the Oregon Court.

## V.  ANALYSIS

### A. Collateral Estoppel

There are insufficient facts to determine whether the Fee Award is nondischargeable based on the Oregon Court's Fee Award. "For collateral estoppel to apply, the Court must determine that the [state] court necessarily and fully determined that Defendant's actions were willful and malicious." *In re Parks*, No. 19-56235-SMS, 19-05258, 2020 Bankr. LEXIS 2531, at *15 (Bankr. N.D. Ga. Sep. 25, 2020). "[M]ore than a mere finding of liability under [state law] is required for a court to grant preclusive effect to a state court judgment. . . for purposes of liability under § 523(a)(6)." *Peoples Bank v. Abernathy (In re Abernathy)*, No. 17-55926-JWC, 17-5170, 2019 Bankr. LEXIS 1004, at *14 (Bankr. N.D. Ga. Apr. 1, 2019). The Oregon Court stopped short of

Case 24-05196-sms    Doc 12    Filed 03/26/25    Entered 03/26/25 14:50:37    Desc Main
Document      Page 5 of 8

making any specific findings of willfulness or malice by Defendant, stating only that Defendant "lacked evidence."

### B. 11 U.S.C. § 523(a)(6)

There is not a sufficient basis for the Court to except the Fee Award from Debtor's discharge based on the pleadings. Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "Recklessly or negligently inflicted injuries are not excepted from discharge under § 523(a)(6)." *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998)).

Bankruptcy courts in this district regularly review state court fee awards and require specific findings of defendant's intent to except those awards from discharge. *See In re Abernathy*, 2019 Bankr. LEXIS 1004, at *14; *Douglas Cty. Bd. of Comm'rs v. Quarterman (In re Quarterman)*, No. 09-65818-MGD, 2010 Bankr. LEXIS 3812, at *16-17 (Bankr. N.D. Ga. Aug. 20, 2010); *Roswell Holdings, LLC v. Peterson (In re Peterson)*, No. 07-79473-JB, 2009 Bankr. LEXIS 513 (Bankr. N.D. Ga. Feb. 10, 2009).

#### i. Willful

"An injury is 'willful' when the debtor 'commits an intentional act, the purpose of which is to cause injury or which is substantially certain to cause injury,'" not when the debtor "'merely [commits] a deliberate or intentional act that leads to injury.'" *In re Parks,* No., 19-05258-SMS, 2020 Bankr. LEXIS 2531, at *15 (quoting *Kawaauhau v. Geiger*, 523 U.S. at 61). While "[t]he prosecution of a frivolous claim or defense in federal court may result in sanctions being imposed on a litigant or his attorney, . . . such conduct without a specific showing of an intent to cause injury cannot alone satisfy the requirements of § 523(a)(6)." *Rackley v. Rackley (In re Rackley)*,

502 B.R. 615, 632 (Bankr. N.D. Ga. Oct. 17, 2013) (citing *In re Wrenn*, 791 F.2d 1542 (11th Cir. 1986) (holding that the determination of a lawsuit's frivolity was consistent with a reckless disregard of the rights of the other party and therefore insufficient to prove willful injury under § 523(a)(6))).

In *In re Quarterman,* the court excepted attorney's fees from discharge based on state court findings that addressed the defendant's intent in filing lawsuits as "a deliberate act to make the [Plaintiff] work" rather than "redressing any harm suffered." 2010 Bankr. LEXIS 3812, at *18. Similarly, in *In re Peterson*, the bankruptcy court excepted attorney's fees from discharge where the state court found that the debtor and his counsel "willfully filed the action in [s]uperior [c]ourt without substantial justification, to delay an inevitable and legal dispossessory proceeding, and with the intent to harass [the plaintiff]." 2009 Bankr. LEXIS 513, at *2.

In contrast, in *In re Abernathy,* the bankruptcy court did not except a fee award from discharge even though the state court found that the defendant "lacked substantial justification in bringing the [s]uperior [c]ourt [a]ction and that she unnecessarily expanded the proceedings once the action was brought." 2019 Bankr. LEXIS 1004, at *11. There, the bankruptcy court concluded that the state court findings "lack[ed] any finding of intent to cause injury sufficient to satisfy the 'willful' requirement" of § 523(a)(6). *Id*.

While the Oregon Factors considered in this case included Plaintiff's intent as an element of consideration, the Oregon Court, as in *In re Abernathy,* merely stated that Debtor "lacked sufficient credible evidence to support her claim that [Debtor] acted in a manner which warranted the filing of the complaint." Complaint, Ex. B, ¶ 1–2. There are no findings in the Fee Award that speak to Debtor's intent to injure Plaintiff. Accordingly, the record before this Court does not establish that Debtor filed the Lawsuit to intentionally cause injury to Plaintiff and the Motion

must be denied.

### ii. Malicious

Courts require specific findings that a lawsuit was "wrongful and without just cause or excessive," to satisfy the "malicious" element of § 523(a)(6). *See In re Abernathy,* 2019 Bankr. LEXIS 1004, at *12; *In re Peterson*, 2009 Bankr. LEXIS 513. "An injury is malicious when it is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite[,] or ill-will.'" *Wells Fargo Bank, N.A. v. Sutton (In re Sutton)*, 557 B.R. 831, 836 (Bankr. N.D. Ga. 2016) (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

Returning to *In re Abernathy,* while the court did not except the fees from discharge, it agreed that state court findings that the debtor "unnecessarily expanded the proceedings once the action was brought" were sufficient to satisfy the "malicious" element of § 523(a)(6). 2019 Bankr. LEXIS 1004, at *11. Similarly, in *In re Peterson*, the court found that the malice requirement was satisfied where state court findings included that the debtor and his counsel filed the action in superior court "without substantial justification, to delay an inevitable and legal dispossessory proceeding, and with the intent to harass [the plaintiff]." *In re Peterson*, 2009 Bankr. LEXIS 513, at *1.

In the Lawsuit, the Oregon Court simply found that Debtor "lacked sufficient credible evidence to support her claim. . ." Complaint, Ex. B, ¶ 1–2. Again, the Court cannot ascertain from the Oregon Court's findings whether Debtor's actions in filing the Lawsuit were wrongful, without just cause, or excessive. Thus, the Court cannot except the Fee Award from discharge under 11 U.S.C. § 523(a)(6) based on the record before it.

Having read and considered the Motion, and the record before the Court in this Adversary Proceeding, it is

**ORDERED** that the Motion is **DENIED**.

## END OF DOCUMENT

## DISTRIBUTION LIST

**Patrick Silloway**
BALCH & BINGHAM LLP
30 Ivan Allen Jr. Blvd., N.W.
Suite 700
Atlanta, GA 30308

**Kelly Anne Ursula Baier**
364 Elder St.
Fairburn, GA 30213-1114

**Mark Gensburg**
**Leon S. Jones**
**Amanda Milner**
Jones & Walden LLC
699 Piedmont Ave. NE
Atlanta, GA 30308

**Kyle A. Cooper**
Chapter 7 Trustee
120 Travertine Trl.
Alpharetta, GA 30022